## IRWIN & SANDERS V. JOHN T. MAYES.

Decided March 4, 1903.

**1.—School Land—Lease—Failure to Record—Forfeiture.**

· Under the Act of 1897 (Gen. Lews, 25th Leg., p. 186; Rev. Stats., art. 4218s) as to leases of school land previously made, but not recorded, which, it seems, was a condition precedent to their taking effect under the law of 1895 (Rev. Stats., art. 4218r), that condition was waived, and a failure to file the lease for record authorized the Land Commissioner to disregard or forfeit it and lease to another only when such latter person presented, with his application, as required by such Act of 1897, a certificate from the clerk of the proper county that no lease of said land was on record in his office.

**2.—Same—Certificate.**

A certificate of the county clerk that there was no lease of certain school lands, then in force, of record in his county, was not equivalent to a certificate that there was no lease to such lands there of record, and did not, under the law of 1897 (Rev. Stats., art. 4218s) authorize the Land Commissioner to forfeit a lease and to lease to another.

Appeal from the District Court of Tom Green. Tried below before Hon. J. W. Timmins.

Mayes sued Irwin & Sanders in trespass to try title and recovered judgment, from which defendants appealed.

*A. R. Burges* and *J. W. Hill,* for appellants.

*L. W. Ainsworth* and *Wright & Wynn,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellee brought this suit on September 24, 1900, in the District Court of Menard County, for the recovery of three sections of school land in Schleicher County, Texas. By agreement, the venue was changed to Tom Green County, and on May 16, 1902, upon a trial without a jury, the District Court of that county rendered judgment for appellee for said lands and $222 damages, from which judgment this appeal is prosecuted.

Appellee's petition was in the ordinary form of an action of trespass to try title and for damages. Appellants' answer contained a plea of not guilty, a special pleading in which they claim a valid lien on the premises for a period of five years from January 14, 1897, and further special pleadings setting up improvements in good faith, and asking for judgment for their value, in a case of a recovery by appellee, and in case such judgment should be refused, that they be allowed a reasonable time after final judgment, in which to remove said improvements from the premises.

The appellant Sanders further plead in reconvention against appellee in the form of trespass to try title, and asked for judgment for title and possession of said premises.

Upon special exceptions of appellee, the pleadings relating to improvements were stricken out.

· We find the following facts:

1. On February 3, 1897, A. J. Baker, Commissioner of the General Land Office, executed to appellees, Irwin & Sanders, a lease of the land in controversy, being sections 10, 12 and 14, block No. 8, T. W. N. G. Ry. Co. lands in Schleicher County, Texas, for a term of five years from January 14, 1897, for the annual rental of $57.60, which rental was paid annually in advance for each of the five years of said term, the last annual payment having been returned to said Irvin & Sanders after the execution of the lease hereinafter mentioned to John T. Mayes.

2. Said lease was not filed for record in Menard County, to which Schleicher County was attached for judicial purposes, until February 23, 1900; but on that date it was filed for record in said county, and a proper abstract of the same entered on the same day in the record of Schleicher County leased lands in the office of the county clerk of Menard County.

3. Said Irvin & Sanders have had continuous possession of said property ever since the beginning of the term of said lease.

4. On January 30, 1900, appellee, John T. Mayes, made application to lease said sections of land, together with sections 22 and 34 of the same block for a term of ten years, which application was received in the General Land Office February 2, 1900, and at the same time, Mayes paid in advance to the State Treasurer the annual rental for the first year, $57.60, and has since said time paid annually in advance the rentals for the second and third years of said term. There is no evidence in the record to show that this application was accompanied with the certificate of the county clerk of Menard County that no lease of said land was of record in his office.

5. On February 23, 1900, Charles Rogan, Commissioner of the General Land Office, upon said application, executed a lease contract to said John T. Mayes of the lands in suit, for a term of ten years from February 2, 1900, which was filed with the county clerk of Menard County, February 27, 1900, and a proper abstract thereof entered in the proper records of said county.

Upon these facts the District Court rendered judgment for appellee, evidently upon the theory that the lease issued to appellants was invalid because of the failure to have same recorded, and that the lease to appellee was valid.

Appellants insist that this was error, and the question raised involves the construction of the acts of 1895 and 1897.

Section 17 of the Act of 1895 (page 69), which is article 4218r of the Revised Statutes, provides: "All leases shall be executed under the hand and seal of the Land Commissioner and delivered to the lessee or his duly authorized agent, and such lease shall not take effect until the first annual rental is paid, and such lease thereof duly filed for record in the clerk's office of the proper county."

Under this act, the contract was made with appellee on February 3, 1897. All other provisions of the law were complied with, except that the lease was not filed for record in Menard County until February 23, 1900.

The Act of 1897 added to the Revised Statutes article 4218s (Gen. Laws 25th Leg., p. 186), which contains the following provision: "All lease contracts heretofore made, and not recorded, shall be filed for record with the clerk of the proper county, within three months after this act takes effect, and if any lessee shall fail to have his unrecorded lease so filed for record within said time, the Commissioner of the General Land Office shall disregard said lease, and award the land to any other applicant accompanying his application with the certificate of the clerk that no lease of said land is of record in his office."

This act was evidently remedial, in so far as it afforded relief to persons in the attitude of appellants, who held lease contracts formerly made and not recorded. Under the Act of 1895, the record of such leases appears to be a condition precedent, and the lease contract did not take effect until this condition was performed. By the Act of 1897, however, the State not only waives the condition up to the time of the passage of the act, but recognizes the lease as valid, and extends the time within which said leases might be recorded for three months after the time said act took effect. Under the Act of 1895, there might have been considerable force in the contention that the lessee had no rights whatever in the premises until he had performed the condition precedent which the law imposed upon this contract, and in that case it might not have amounted to a forfeiture of any of his rights to have disregarded his lease and awarded the lands to another applicant.

We think it it clear, however, that his attitude was materially changed by the Act of 1897. After the passage of that act he had for three months, at least, a perfectly valid leasehold estate, whether his lease was recorded or not; and, by the terms of that act, the failure to record the lease was changed from a condition precedent, which would prevent the lease from taking effect at all, into a condition subsequent, for the breach of which his leasehold might be forfeited. To deprive him of his leasehold after that time would be a forfeiture.

But it is contended that the remaining provisions of the Act of 1897—providing that after the expiration of three months the Commissioner may disregard the lease and award the land to any other applicant accompanying his application with the certificate of the clerk that no lease of said land is of record in his office—are merely directory, and if the lease is actually not recorded, and the Commissioner does award the land to another applicant, such lease will be valid, although there may be no evidence in the record that the application was accompanied with the certificate prescribed.

In this connection, it is first insisted that in the absence of evidence it will be presumed that the Commissioner did not act without a proper certificate, under the general presumption indulged in favor of the regularity of official acts.

We concede the force of this rule in a proper case, but we think it has never been extended to hold that where an officer is authorized in a certain manner to forfeit rights in one person and bestow them upon

another, the mere proof that he has attempted to confer the rights upon such other person will render unnecessary any proof that he has enforced the forfeiture in a legal manner. 1 Jones on Ev., sec. 40. If we were to apply this doctrine in the forfeiture of sales of these lands for failure to pay interest, it would only be necessary to prove that the interest was unpaid and that the Commissioner had awarded the land to a subsequent applicant, and it would be unnecessary to prove that a forfeiture of the original sale had been made in the manner provided by law.

If there were any such presumption, it would be weakened in this case by the fact that upon the trial the appellee offered in evidence a certified copy from the Land Office of a certificate made by the county clerk of Menard County, bearing the same date and filed in the Land Office at the same time as appellee's application to lease. This certificate, however, did not state that there was no lease of said lands of record in said office, but that there was no lease *then in force* of said lands of record in said county. The court, as we believe properly, refused to admit this certificate in evidence. It did not certify that no lease was of record; but rather left it to be inferred that there were other leases of record, which in the judgment of the clerk were not in force.

If there had been another certificate made by the clerk, it would have been of record in the Land Office, and the fact that this certificate and no other was offered by appellee, to our minds, renders it very probable that there was no other certificate than this.

Independent of these considerations, however, we are of opinion that if such a certificate was necessary it was the duty of appellee to prove it.

We then come to consider this provision of the Act of 1897, and to determine whether the filing of such certificate was essential to the validity of appellee's lease.

The language is, "If any lessee shall fail to have his unrecorded lease so filed for record within said time, the Commissioner of the General Land Office shall disregard said lease, and award the land to any other applicant accompanying his application with the certificate of the clerk that no lease of said land is of record in his office."

The contention of appellee, in effect, is that the Commissioner may disregard the lease and award the land to any other applicant, whether he accompanies his application with such certificate or not,—that the Commissioner need not act solely on the evidence prescribed by law, but upon any other evidence which may be satisfactory to him.

We are unable to agree with this contention. In our opinion, the provisions quoted provide for a forfeiture of the rights of the original lessee, and prescribe a method by which said forfeiture should be effected. Viewed in this light, it is legislation which requires strict construction. If it was intended that the Commissioner might act upon any other evidence satisfactory to him, in determining whether the lease had been recorded, we can see no reason for the clause providing for this certificate. We are loth to construe a positive provision of the statute as merely directory, when it forms a part of the method prescribed by law for enforcing

a forfeiture of a valuable right. It is the settled policy of the courts to require in such cases a substantial, if not a literal, compliance with the method of forfeiture prescribed by law. Bank v. Dowlearn, 1 Texas Ct. Rep., 575, 60 S. W. Rep, 754, 94 Texas, 383; Brightman v. Comanche Co., 2 Texas Ct. Rep., 965, 63 S. W. Rep., 857, 94 Texas, 599.

We therefore conclude that the lease of appellee, under the evidence, was invalid, because there was no evidence that his application was accompanied with the certificate of the clerk required by law, without which the Commissioner was not authorized to disregard appellants' lease.

This conclusion results in a reversal of so much of the judgment as awards the land and damages to appellee, and makes it proper that we here render judgment that appellee take nothing by his suit, which will be done.

The evidence upon which appellant Sanders claimed title to the land, aside from the lease, was excluded by the court, and for that reason we can not here render judgment on his plea in reconvention, and the case will be remanded for a trial on that issue.

There are other questions presented in the briefs of the parties, but we think the conclusions we have stated will render a decision of them unnecessary.

*Reversed and rendered in part, and in part reversed and remanded.*

Application for writ of error was dismissed because filed too late.